The plaintiff, Frederick Bonamo, appeals from a Superior Court judgment granting the defendant's motion for summary judgment. He contends that the trial judge improperly found the defendant immune from liability.[3] We affirm.
1. Standard of review. "We review a grant of summary judgment de novo." Deutsche Bank Natl. Trust Co. v. Fitchburg Capital, LLC, 471 Mass. 248, 252-253 (2015). On appeal, the issue is "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law." Molina v. State Garden, Inc., 88 Mass. App. Ct. 173, 177 (2015), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 129 (1991).
2. Civil rights. Although the plaintiff appeared to waive any claims pursuant to the Massachusetts Civil Rights Act, G. L. c. 12, §§ 11H, 11I (MCRA), at oral argument, such arguments fail in any event. The MCRA does not provide a cause of action against public officials in their official capacities, Howcroft v. Peabody, 51 Mass. App. Ct. 573, 593 (2001) ; therefore, we address the plaintiff's claims against the defendant only in his individual capacity. See O'Malley v. Sheriff of Worcester County, 415 Mass. 132, 141 (1993) ("Monetary damages against State officials are available only if they are sued in their individual or personal capacities for actions under color of State law").
The doctrine of qualified immunity under 42 U.S.C. § 1983 (2012), applies equally to MCRA claims, Duarte v. Healy, 405 Mass. 43, 46-47 (1989), shielding government officials performing nonministerial, discretionary functions from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Howcroft, 51 Mass. App. Ct. at 595. "On a motion for summary judgment, the relevant inquiry is 'whether a reasonable official could have believed his actions were lawful in light of clearly established law and the information that the official possessed at the time of his allegedly unlawful conduct.' " Ahmad v. Department of Correction, 446 Mass. 479, 485 (2006), quoting from Clancy v. McCabe, 441 Mass. 311, 317 (2004).
Here, the plaintiff alleges that the defendant failed both (1) to identify the seized Susan B. Anthony coins as potentially high-value items; and (2) to affirmatively investigate whether the coins' actual value exceeded their face value. These were discretionary functions, the alleged value of the seized coins was in no way obvious, and there is no established law or procedure-nor any cited by the plaintiff-that required the defendant to undertake such a process. See Duarte, 405 Mass. at 48, quoting from Davis v. Scherer, 468 U.S. 183, 196 n.14 (1984) ("A law that fails to specify the precise action that the official must take in each instance creates only discretionary authority"). Having no information to the contrary, the defendant could reasonably believe that he had no legal obligation to determine the coins' possible value prior to processing them. As a matter of law then, the judge properly concluded that the defendant was entitled to qualified immunity under the MCRA.
Judgment affirmed.

The plaintiff asserted negligence and conversion claims under common law and the Massachusetts Torts Claims Act against the defendant at oral argument, yet they were not argued in his brief. These claims are deemed waived and we need not address them. Mass.R.A.P. 16(a)(4), as amended, 921 (1975). See Malden Police Patrolman's Assn. v. Malden, 92 Mass. App. Ct. 53, 62 n.11 (2017).